# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0256, <u>Grace Woodham v. Co. John Kum & a.</u>, the court on March 20, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The plaintiff, Grace Woodham, appeals an order of the Circuit Court (<u>Boyle</u>, R., approved by <u>Guptill</u>, J.) dismissing her small claim complaint against several employees or agents of the New Hampshire Department of Corrections, and a separate order (<u>Greenhalgh</u>, J.) denying her motion for reconsideration.  We affirm.

The trial court dismissed the case "for all the reasons stated in the motion to dismiss."  We note that the plaintiff has not provided the motion to dismiss as part of the record on appeal.  <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (stating that appealing party bears burden to provide this court with those portions of the trial court record that are required to decide the issues raised).  We further note, however, that at a hearing on the motion, the defendants asserted that the trial court lacked jurisdiction over the small claim complaint under RSA chapter 541-B.  <u>See</u> RSA 541-B:9 (2021) (providing for exclusive or concurrent jurisdiction in the board of claims and superior court for claims under RSA chapter 541-B based upon the amount of the claim at issue).  On appeal, the plaintiff raises several arguments why her complaint alleged claims that should have survived the motion to dismiss.  She further argues that she was not provided adequate notice of the hearing on the motion, that the defendants were equitably estopped by certain statements that counsel for the State allegedly made in another case, and that the judicial officers who presided over the matter were biased.

Based upon our review of the plaintiff's brief, the relevant law, the record on appeal (including the transcript of the hearing on the motion to dismiss and the documents appended to the plaintiff's brief), and the trial court's decision, we find the plaintiff's arguments unpersuasive, and we affirm the trial court's decision to dismiss her small claim complaint.  To the extent that the plaintiff argues that the judicial officers who presided over the case were biased, she has not established that a reasonable person would have questioned the

impartiality of any of the judicial officers who presided over the case.  See Sup. Ct. R. 38, Canon 2.11; State v. Bader, 148 N.H. 265, 268 (2002).

Affirmed.

Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**